7 P.(2d) 617

COX v. ELMS.

No. 3550.

Supreme Court of New Mexico.

Jan. 23, 1932.

George W. Hay, of Silver City, for appellant.

Walton & Wiley, of Silver City, for appellee.

PARKER, J.

The plaintiff, appellant, brought an action in replevin in the district court of Grant county against the appellee to recover possession of an automobile. The case was tried to a jury and resulted in a verdict in favor of the defendant, appellee. The complaint is in the usual statutory form. The defendant answered the complaint and filed a cross-complaint. The defendant's answer and cross-complaint admitted the execution by him of a conditional sales contract and pleaded that the plaintiff was a partner with one A. J. Hardman in the automobile business in Silver City, and that the plaintiff had made certain representations as to his later acquiring title to said automobile from one Commercial Credit Company, which the defendant alleged held title at that time, and that plaintiff had neglected to so acquire said title. The plaintiff replied to the answer and cross-complaint, denying the allegations of said answer and setting up that he purchased said conditional sales contract and promissory notes accompanying the same by assignment from one A. J. Hardman. paying therefor, and denying any other connection with the business of the said Hardman or connection with the execution of the said sales contract and promissory notes of the defendant, any promises or statements made by said A. J. Hardman, any knowledge of any outstanding lien or mortgage, or being bound by any such. It appears that the defendant purchased the automobile from the E & H Motor Sales, of Silver City, at a total price of $1,445.20, executing a mortgage and promissory note for $1,011.20, deferred payments, agreeing to pay the same in 16 monthly installments of $63.20 each. This instrument is a chattel mortgage and not a conditional sales contract. The mortgage and note were made out on the form furnished by the Commercial Credit Company, an automobile financing corporation, and immediately upon being executed were assigned by the said E & H Motor Sales to said corporation.

The defendant made his monthly payments to the said Commercial Credit Company until at about the 19th day of July, 1928, when the defendant took up with the said A. J. Hardman, who was then doing an automobile business at Silver City, in the name of Hardman Motor Sales, the matter of refinancing the said automobile deal and securing smaller monthly payments. The said Hardman agreed to do this through A. C. Cox, the plaintiff, who was then purchasing some of Hardman's automobile paper. The said Hardman, in the presence of the defendant, and with his consent, made out a set of papers on A. C. Cox's forms, as made upon the sale of an automobile and in the usual course of business, wherein it was recited that

Hardman was selling and the defendant was purchasing the automobile for $800. This was the same automobile purchased by the defendant before and financed through the Commercial Credit Company, and which the defendant had had in his possession ever since the 28th day of September, 1927. As a matter of fact, there was due to the Commercial Credit Company only the sum of $445 on the original purchase of the automobile. The plaintiff, before he would purchase paper executed by the purchaser of a second-hand automobile, required that the transaction show the sale price of said machine to be as much as $800, then he would advance the sum of $445 to be applied on said purchase price. No sale and purchase was made as recited, and no initial or other payment was made by the defendant thereon as recited. The defendant executed a conditional sales contract and note for $800 to the said Hardman, and the said Hardman, in the presence of the defendant, executed the blank form of assignment of said conditional sales contract to the plaintiff and received from him the said sum of $445, which he was to forward to the Commercial Credit Company to settle the amount remaining due under the original purchase of the automobile. The plaintiff was not notified by either the defendant or the said Hardman of the true transaction, and the defendant permitted the said Hardman to send the papers to plaintiff as his agent, which papers show on their face the transaction to be the usual and customary sale of a used automobile.

Upon receipt of the papers, the plaintiff approved the same and mailed the said Hardman his check for the $445, which check was paid, and the said Hardman received the money. The plaintiff had no knowledge of the true facts, nor anything which would give him notice or cause suspicion that the truth was other than as stated in the papers he received. The said Hardman did not pay the said $445, nor any part thereof, to the Commercial Credit Company, but kept the money and shortly thereafter left Silver City and abandoned his business, and has not been heard of since.

The defendant paid the plaintiff the first of said notes in the sum of $43 and paid $20 on the second note and, after learning that the balance had not been paid to the Commercial Credit Company, refused to pay anything further to the plaintiff, but went ahead and paid the balance due the Commercial Credit Company. After having paid off the said first mortgage in full, the defendant caused a bill of sale to be issued to him for the said automobile by the Emerick Service & Motor Company, signed by W. H. Emerick.

The conditional sales contract executed by the defendant to the plaintiff provides that title to the property shall not pass to the purchaser until the amount of the purchase price is fully paid. Paragraph 6 of the contract provides that, if the purchaser defaulted in complying with the terms of the said contract, the seller may take immediate possession of said property without demand, and he may resell the said property so retaken.

The assignment executed by Hardman Motor Sales sells, assigns, and transfers to the plaintiff all "right, title and interest in and to the within mortgage and the property conveyed hereby."

1. At the close of the testimony, the plaintiff moved for a directed verdict in his favor. This motion was denied, and the case was submitted to the consideration of the jury. In this the court committed error. There are several reasons why the plaintiff should recover in this case. The facts are undisputed, and it is really a question or questions of law which are presented. In the first place, when the defendant participated in an untrue and misleading transaction whereby the said Hardman presented to the plaintiff a conditional sales contract and notes which did not represent the true state of affairs, and thereby induced the plaintiff to part with his money, the defendant is estopped to deny the rights of the plaintiff under this conditional sales contract. This conditional sales contract shows upon its face that the transaction was the sale of the automobile in question by A. J. Hardman to the defendant and the purchase thereof by the defendant from the said Hardman for $800, and provided that title to the automobile remained in the seller until fully paid for in cash. It further provides that the seller shall have the right upon default of taking immediate possession of the automobile without demand, and states that possession of the defendant after default was unlawful. The seller, Hardman, assigned this contract to the plaintiff and thereby passed on to him all of his rights thereunder. The defendant testified that he made Hardman his agent to send these papers with the misstatement therein contained to the plaintiff at Deming for the purpose of securing the $445 from the plaintiff, and upon receipt of the money that his agent, Hardman, acting under his direction, would send the $445 to the Commercial Credit Company and take up the outstanding mortgage. The defendant alleged and proved that Hardman failed to pay off the Commercial Credit Company. While this is true, it is of no avail to the defendant. The Commercial Credit Company held a chattel mortgage on the automobile, which, of course, could be discharged by paying the amount due thereon. This the defendant did after he had ascertained that his agent had embezzled the money obtained from the plaintiff and absconded for parts unknown. This left the defendant in the position of owner of the automobile free from incumbrance, which was subject to all of the obligations which he had incurred in his conditional sales contract with the plaintiff. The defendant, under such circumstances, is estopped to assert any title procured from some other source.

There may be, and probably are, other reasons appearing from the record which entitle the plaintiff to a reversal of this case, but the same are not deemed necessary to be considered for the reasons heretofore stated.

It follows from all of the foregoing that the judgment of the district court is erroneous,

and that the case should be remanded, with directions to enter a judgment for the plaintiff in the replevin action and for his costs in this behalf expended, and it is so ordered.

BICKLEY, C. J., and WATSON, J., concur.

SADLER and HUDSPETH, JJ., did not participate.